## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Docket No. |
| | : | |
| LOCAL 933, NEW HAVEN FEDERATION OF TEACHERS, | : | |
| | : | |
| Defendant. | : | April 3, 2020 |

## COMPLAINT

Plaintiff Eugene Scalia, Secretary of Labor, alleges as follows:

## NATURE OF THE ACTION

1.      This action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (the "Act"), 29 U.S.C. §§ 481-483, for a judgment declaring that the February 27, 2020 rerun election of union officers conducted by Local 933, New Haven Federation of Teachers (Defendant or Local 933) for the office of President is void, and directing the Defendant to conduct a new election for this office under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3.      Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff Eugene Scalia is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5.      Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of New Haven, Connecticut, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6.      Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) and 401(b) of the Act. 29 U.S.C. §§ 402(i)-(j); 481(b).

7.      Defendant is subordinate to the American Federation of Teachers (AFT), a national labor organization within the meanings of sections 3(i) and 3(j) of the Act. 29 U.S.C. § 402(i)-(j).

8.      Defendant, purporting to act pursuant to its Bylaws and the AFT Constitution, conducted an election on December 4, 2018.

9.      Thomas Burns, a member in good standing of Local 933, was a candidate for President in the December 4, 2018 election.

10.      On or about January 24, 2019, Burns filed a protest of the December 4, 2018 election.

11.      By letter dated March 5, 2019, Defendant denied Burns' protest.

12.      By letter dated March 22, 2019, Burns filed an appeal with the AFT Secretary Treasurer.

13.     On or around March 27, 2019, Burns filed a complaint with the AFT President alleging Local 933 President, David Cicarella, was mismanaging union funds.

14.     Upon information and belief, prior to May 6, 2019, Burns and Cicarella had several conversations regarding Burns' complaint that Cicarella was mismanaging union funds.

15.     On or about May 6, 2019, Cicarella filed a report with the New Haven Police Department stating Burns attempted to extort Cicarella.

16.     On or about May 8, 2019, Cicarella's attorney, William Dow, sent Burns a cease and desist letter informing Burns that his conduct constituted criminal extortion and informed Burns of the May 6, 2019 police report. The letter further notified Burns that any future extortionate conduct would be reported to the New Haven Police Department and possibly result in civil action.

17.     Upon information and belief, in or around April or May 2019, Cicarella brought the extortion allegation to AFT's attention.

18.     Having not received a response from Defendant regarding his election protest within three calendar months, Burns filed a timely complaint with the Secretary of Labor on May 13, 2019, within the one calendar month required by section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2). [1]

19.     By letter dated May 24, 2019, AFT Vice President Ted Kirsch notified Burns that there would be a hearing on June 6, 2019 to address Burns' January 24, 2019 election protest as well as "the circumstances that led to" the May 8, 2019 letter to Burns from Dow.

20.     The May 24, 2019 hearing notice specified that Burns was permitted to bring legal counsel but that the hearing would be a fact-finding proceeding and not adversarial. The

---

[1] The Office of Labor-Management Standards (OLMS) ultimately decided to dismiss Burns' complaint.

notice further explained that the purpose of the hearing was to present evidence and testimony to the AFT Committee so that it could "prepare a report and recommendations to the full AFT Executive Council" and stated that cross-examination of witnesses would be permitted. Burns was asked to provide a list of witnesses he intended to testify at the hearing by June 3, 2019.

21.     On or about May 24, 2019, Burns emailed a list of witnesses to AFT and AFT General Counsel David Strom. Burns concluded this email by stating, "and the Willie Dow thing?? whats [sic] that?? [] a joke??"

22.     Upon information and belief, neither AFT nor Defendant responded to Burns' May 24, 2019 email.

23.     Upon information and belief, on or about May 30, 2019, Burns had a telephone call with Strom regarding the June 6, 2019 hearing. During this conversation, Burns expressed his belief that the May 8, 2019 cease and desist letter should not be discussed at the hearing as it was unrelated to his election protest. Strom explained that the hearing would be a fact-finding proceeding and would not be adversarial.

24.     At no point during the May 30, 2019 telephone call, or at any point prior to the June 6, 2019 hearing, did Strom, AFT, or Defendant explain that the June 6, 2019 hearing could result in Burns' disqualification from running for office or any other union discipline.

25.     At the June 6, 2019 hearing, when the chairperson introduced the extortion issue, Burns stated: "No, the Willy Dow letter. We're not going to do that? I hope we're not doing it because it wasn't in my complaint."

26.     On or about July 10, 2019, AFT issued a decision ordering a rerun of the December 4, 2018 election because a chapter of nurses and teachers at a private school were excluded from the election. [2]

27.     Upon information and belief, AFT's July 10, 2019 decision instructed Local 933 to conduct new nominations only for those races contested in the December 2018 election that had become uncontested prior to the rerun election. Local 933 only reopened nominations for the Vice President for Elementary Schools position.

28.     The July 10, 2019 decision also disqualified Burns from participating in the rerun election, as well as the next regularly-scheduled election, and from being appointed to office during this time as a consequence of Burns' allegedly extortionate conduct.

29.     AFT's governing documents do not prohibit the alleged conduct described in Dow's May 8, 2019 letter.

30.     AFT's governing documents do not contain any provisions discussing the process and procedures applicable to election protests or disciplinary actions instituted against members.

31.     In its July 10, 2019 decision disciplining Burns, AFT relied solely upon Article VI, Section 14(b) of its Constitution, an election provision that provides AFT "the power to resolve the matter."

32.     By email dated November 20, 2019, Burns requested that the NHFT Executive Board "make a decision" concerning his candidacy in the union-ordered rerun election. That same day, Burns emailed Strom appealing the decision to disqualify him as a candidate in the rerun election.

---

[2] Burns did not raise this issue in his protest.

33.     By letter dated November 22, 2019, Strom told Burns there was no ability to appeal the AFT's July 10, 2019 decision; however, Strom allowed Burns five days to provide new evidence.

34.     By email dated December 2, 2019, Burns responded to Strom's November 22, 2019 letter.

35.     By letter dated December 6, 2019, Strom informed Burns that his December 2, 2019 letter was untimely; however, this letter substantively addressed Burns' allegations and denied them.

36.     Having exhausted the remedies available and having received a final decision, Burns filed a timely complaint with the Secretary of Labor on December 18, 2019, within the one calendar month required by section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

37.     Defendant completed its rerun election on February 27, 2020.

38.     Burns was not permitted to run as a candidate for President.

39.     Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that a violation of Title IV of the Act, 29 U.S.C. §§ 481-483, had occurred and had not been remedied at the time of the institution of this action.

40.     By letter signed December 30, 2019, the Defendant agreed that the time within which the Plaintiff may bring suit be extended to March 2, 2020.

41.     By letter signed February 12, 2020, the Defendant agreed that the time within which the Plaintiff may bring suit be extended to April 3, 2020.

**CAUSE OF ACTION**

42.     Section 401(e) of the Act, 29 U.S.C. § 481(e), requires that every member in good standing shall be eligible to be a candidate and to hold office, subject to section 504 and to reasonable qualifications uniformly imposed.

43.     Section 101(a)(5) of the Act, 29 U.S.C, § 411(a)(5), provides that a member may not be disciplined unless such member has been served with written specific charges, given a reasonable time to prepare his defense, and afforded a full and fair hearing.

44.     Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the February 27, 2020 election by disqualifying Burns, a member in good standing, from candidacy for the office of President based on discipline imposed without providing Burns with written specific charges, as required by section 101(a)(5) of the Act, 29 U.S.C. § 411(a)(5).

45.     The violation of section 401(e) of the Act, 29 U.S.C. § 481(e), may have affected the outcome of the Defendant's rerun election for the office of President.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment:

(a)  declaring the Defendant's election for the office of President to be void;

(b) directing the Defendant to conduct a new election, including new nominations, for the office of President under the supervision of the Plaintiff;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JOHN H. DURHAM
United States Attorney

*/s/ Christine Sciarrino*
Christine Sciarrino
Assistant United States Attorney
United States Attorney's Office
157 Church Street, 23rd Floor
New Haven, CT   06510
(203) 821-3780/Fax: (203) 773-5392
Federal No. CT03393
Email: Christine.Sciarrino@usdoj.gov

OF COUNSEL:

KATE S. O'SCANNLAIN
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

JEFFREY LUPARDO
Counsel for Labor-Management and Civil Rights Enforcement

CHRISTA HENDERSON
Attorney

U.S. Department of Labor