## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MARTIN J. WALSH,                    :
SECRETARY OF LABOR,

                                    :

    Plaintiff,

                                    :          Docket No. 3:20CV458 (VLB)

VS.

                                    :

LOCAL 933, NEW HAVEN

FEDERATION OF TEACHERS,      :

    Defendant.                 :          August 3, 2021

## DECLARATION OF TRACY SHANKER

    I, Tracy Shanker, am the Chief of the Division of Enforcement, Office of Labor-Management Standards ("OLMS"), United States Department of Labor ("Department"). The Department supervised an election for the office of President of the New Haven Federation of Teachers, Local 933 ("NHFT Local 933" or "Local 933"), which was held on June 15, 2021, pursuant to an Order entered March 18, 2021 by this Court ("the supervised election").

    OLMS received one pre-election protest, which it investigated and resolved prior to certifying the election, as described below.

## I. Election Process

The Pre-Election conference was held on April 22, 2021 using Microsoft Teams and a conference telephone line. All interested parties were invited to attend. At this meeting, the rules for the conduct of the supervised election were established. In April, the union established the Election Committee; the Election Committee members were Breanna Evans (Chair), Anthony Sacco, Dr. Michelle Bogart, Mike Pavano, and Charles Wentzell.

On April 23, 2021, notice of nominations was published on Local 933's website and Facebook page and was distributed to members' personal email the union had on file. Notice of nominations was also sent by mail to all Local 933 members who are not New Haven teachers (i.e., Visiting Nurses Association nurses, North Haven School nurses, and Cedarhurst School teachers). On April 28, 2021, the nominations notice was posted to a second Local 933 website, and notice of the update was sent by work email to all New Haven teachers. On May 7, 2021, the "General Rules for Electing Officers in NHFT Local 933, New Haven, CT" were sent to all interested parties invited to the Pre-Election Conference.

The nominations meeting was held on May 12, 2021 via Zoom. Nominations were accepted from members attending the virtual meeting as well as by email to the Election Committee. Four members were nominated for the office of President. After the nominations meeting, the Election Committee determined eligibility. As discussed more fully below, one nominee was ruled ineligible to run. This member was provided with a phone call and an email explaining his disqualification. There were no complaints regarding the conduct of the nominations.

Candidates were sent the "General Rules for Electing Officers in NHFT Local 933, New Haven, CT" immediately following their nominations, and a candidates' meeting was held on May 14, 2021 via Microsoft Teams. At the meeting, attendees discussed campaign rules and prohibitions, inspection of the membership list, distribution of campaign literature, and rules for observers. Candidates were also asked to confirm their names as they wished them to appear on the ballot, and a drawing was held to determine ballot positions. Following the candidates meeting, on May 15, 2021, one candidate voluntarily withdrew his candidacy.

Local 933 hired MK Election Services to conduct the mail ballot election. On May 20, 2021, MK Election Services mailed 1,877 election notices and ballots to members last known home addresses. On May 25, 2021, election notices and ballots were mailed to 16 substitute teacher members inadvertently excluded from the original mailing list.[1] A total of 87 replacement ballots were mailed to 83 members based on new addresses obtained for undeliverable packages, new addresses identified by Local 933 or OLMS, or member requests.[2]

On May 21, 2021, candidate biographies were posted on Local 933's website and Facebook page. Between May 26, 2021 and June 9, 2021, MK Election Services sent four campaign emails, as requested by the candidates.[3]

---

[1] Substitute teachers are eligible for union membership if they work longer than six months.

[2] In some instances, members' requests for ballots overlapped with the ballot packages that were returned as undeliverable and re-mailed.

[3] On June 7, 2021, NHFT Executive Secretary MarcAnthony Solli emailed Election Supervisor Laura Corbin to advise that a campaign email was sent to members at their personal email addresses at 11:59 a.m., during the school day. Solli was concerned that the email was sent during the workday in violation of the rule against campaigning during the workday. Although not a formal protest, the Election Supervisor investigated the matter and advised Solli that the email was sent according to MK Election Services' stated business process to distribute a candidate's campaign email to members' non-work, personal email addresses within 24 hours of receiving payment from the candidate; the Election Supervisor explained the delivery of this email was akin to the United States Postal Service delivering

On June 15, 2021, MK Election Services co-owner Caleb Kleppner, the Election Committee Chair, Election Supervisor Laura Corbin ("Election Supervisor Corbin"), and OLMS investigators Danielle Pensa and Douglas McArthur retrieved 702 ballots from the election P.O. box in New Haven, Connecticut. The ballots were then transported to the Local 933 union office for the tally. At the tally, voter information on the return envelopes was scanned and compared against the membership list to determine voter eligibility. During this process, 16 replacement ballots were set aside for review, and one torn ballot was voided due to secrecy concerns. All 16 replacement ballots were determined to be the sole voted ballots from those individuals and were included in the ballots to be tallied. There were no unresolved challenged ballots; 701 ballots were opened, scanned, and counted using computer imaging and ballot counting software. David Cicarella ("Cicarella") was elected President with a margin of victory of 242 votes.

---

campaign mail to members' homes during the workday. As such, this was not a violation of the LMRDA or any Local 933 rules governing the election.

## II. Pre-Election Protest

Pursuant to the Election Rules, any member in good standing could protest the supervised election directly to Election Supervisor Corbin in writing at any time before, during or within ten days after the election. OLMS received one pre-election protest from Thomas Burns ("Burns"). The Department investigated the allegations in the protest as described below.

<u>Allegations:</u> On April 16, 2021, Cicarella filed disciplinary charges against Burns. On May 3, 2021, a disciplinary hearing was held; the hearing committee found Burns' conduct violated the NHFT Constitution and Bylaws and ordered that Burns be deemed ineligible to hold office. Burns protested the decision to disqualify him as a candidate believing the outcome of the hearing was predetermined. Burns believed the hearing committee could not find in his favor due to letters American Federation of Teachers ("AFT") President Randi Weingarten and AFT Connecticut President Jan Hochadel sent out to NHFT members accusing Burns of extortion. Burns questioned whether NHFT should have first sought a hearing from the NHFT

Trustees and believed an outside arbitrator should have heard the charges.

Response: Section 401(e) of the LMRDA provides that "every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 and to reasonable qualifications uniformly imposed)." 29 U.S.C. § 481(e). The Department's regulations provide that "[s]ection 401(e) was not intended to limit the right of a labor organization to take disciplinary action against members guilty of misconduct" as "long as such action is conducted in accordance with section 101(a)(5)." 29 C.F.R. § 452.50. Section 101(a)(5) of the LMRDA states:

> No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by an officer thereof unless such member has been (A) served with written specific charges; (B) given reasonable time to prepare his defense; (C) afforded a full and fair hearing.

29 U.S.C. § 411(a)(5).

The disciplinary charges filed against Burns on April 16, 2021 alleged that Burns violated Articles II and VI of the NHFT Constitution and Bylaws when he: (1) threatened he would go to the authorities and the media with allegations of financial impropriety unless Cicarella

resigned from office; and (2) he used the threat of extortion as part of a scheme in which he would be appointed to the position of First Vice President and then to President after the current First Vice President resigned.

On April 19, 2021, the NHFT Executive Trustee Council delegated its constitutional authority to arbitrate disputes between members to the AFT Executive Council. AFT President Weingarten appointed AFT Vice Presidents Donna Chiera, Zeph Capo, and Larry Carter ("the hearing committee") to conduct a hearing on Cicarella's charges against Burns. Chiera was selected to chair the committee.

On April 20, 2021, notice of the hearing was sent to Cicarella and Burns. The notice specified that a disciplinary hearing would be held on May 3, 2021 to address Cicarella's disciplinary charges filed on April 16, 2021. The notice, among other things, included the April 16, 2021 charges and provided the names of the members of the hearing committee.

The hearing was held on May 3, 2021 using online conferencing technology. The hearing committee reviewed the charges against Burns *de novo*, and Cicarella and Burns were both represented by

8

counsel. Four witnesses (Cicarella, Burns, Executive Vice President Pat DeLucia, and attorney Eric Chester) testified, and Burns had the opportunity to cross-examine the witnesses. The hearing committee found that Burns improperly threatened Cicarella by stating he would go to law enforcement and the media with allegations of financial impropriety unless Cicarella resigned from his office as NHFT Local 933 President and that these threats were intended to coerce Cicarella to resign from office under a threat of harm to NHFT's reputation and Cicarella's ability to effectively lead the local. The hearing committee found Burns' conduct violated Article II, Sections 2 and 4 and Article VI of the NHFT Constitution and Bylaws. The hearing committee ordered that Burns be deemed ineligible for election or appointment for any NHFT office or position for a period of 36 months.[4]

OLMS investigated Burns' protest to determine whether Burns received the due process rights set forth in section 101(a)(5) of the LMRDA – that is, whether he was served with written specific charges,

---

[4] Of note, the disciplinary charges filed against Burns requested he be deemed ineligible to hold office for a period of six years (or 72 months); the hearing committee, however, determined that six years of ineligibility would be too harsh, and that three years (or 36 months) was more appropriate.

given reasonable time to prepare his defense, and afforded a full and fair hearing.

The April 20, 2021 hearing notice included the April 16, 2021 charges, which detailed the ways in which Burns' alleged conduct violated the democratic principles enumerated in Local 933's Constitution and Bylaws and named the members of the hearing committee. The notice also specified that parties could be represented by legal counsel; would have the opportunity to present evidence, call witnesses, and cross-examine witnesses; and that all witnesses would testify under oath, in the presence of a court reporter. During the investigation, Burns stated he understood the May 3, 2021 hearing would be disciplinary in nature and that he would not have prepared differently had he had more time.[5] As such, OLMS' investigation determined Burns was served with written specific charges and was given reasonable time to prepare his defense.

As to the full and fair hearing requirement of section 101(a)(5), Burns testified during the hearing, cross-examined witnesses, and was

---

[5] The investigation also revealed that Burns' ability to defend himself was not impacted by the amount of time that had passed between the events raised in the charges and the May 3, 2021 hearing.

10

able to present all of the evidence he wished to present. Although Burns questioned whether NHFT should have first sought a hearing from the NHFT Trustees and believed an outside arbitrator should have heard the charges, he did not raise any of these objections before or during the hearing. Additionally, although Burns believed the outcome of the hearing was predetermined, in part based on AFT President Weingarten and AFT Connecticut President Hochadel's letters to NHFT members accusing Burns of extortion, the members of the hearing committee stated they had never seen the letters Burns referenced. Furthermore, the members of the hearing committee reviewed the allegations against Burns *de novo*, stated they were never instructed on what decision to render, and actually imposed a period of ineligibility that was more lenient than that requested in the disciplinary charges. Burns did not otherwise set forth any specific, factual allegations of bias to show that the hearing committee was incapable of hearing his case impartially. *See Yager v. Carey*, 910 F. Supp. 704, 715 (D.D.C. 1995) ("In order to sustain a claim that the Panel members . . . were biased in violation of plaintiffs' due process rights, plaintiffs must make specific factual allegations of bias that

11

show that the panelists were incapable of hearing plaintiffs' case impartially."); *see also Frye v. United Steelworkers of Am.*, 767 F.2d 1216, 1224 (7th Cir. 1985) (finding no bias where, even though there was a history of conflict and animosity between plaintiff and the international union, and an international staff representative sent a derogatory letter regarding plaintiff to the hearing commission, the hearing commission held a *de novo* trial and none of the members of the hearing commission had been involved in plaintiff's prior disputes with the union hierarchy).

The Department has concluded from its investigation of this protest that NHFT Local 933's June 15, 2021 election for the office of President, conducted under the Department's supervision, complied with Title IV of the LMRDA and was conducted, insofar as lawful and practicable, in accordance with Local 933's Constitution and Bylaws and the LMRDA. Therefore, the results of this supervised election should be certified by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

12

Executed on this 3rd day of August, 2021 in the City of Rockville,

Maryland.


Tracy L. Shanker, Chief
Division of Enforcement
Office of Labor-Management Standards
United States Department of Labor