**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MARTIN J. WALSH,[1]                              :
SECRETARY OF LABOR                         :
   Plaintiff,                                   :
                                :
v.                                                         :            3:20-cv-00458 (VLB)
                                :
LOCAL 933, NEW HAVEN                       :
FEDERATION OF TEACHERS,             :            January 13, 2022
   Defendants.                             :

## ORDER ON RULE 59(E) MOTION TO ALTER OR AMEND JUDGMENT

On April 3, 2020, Plaintiff Eugene Scalia, then-Secretary of Labor ("Plaintiff") brought the instant action for violation of Title IV of the Labor-Management Reporting and Disclosure Act ("LMRDA" or "the Act"), 29 U.S.C. §§ 481-483, seeking a Court Order overturning Defendant Local 933, New Haven Federation of Teachers' ("NHFT") rerun election of February 2020 because NHFT's discipline of one of its members, Thomas Burns, violated the LMRDA, and directing NHFT to conduct a new election under Plaintiff's supervision.

On June 16, 2020, NHFT moved to dismiss the Complaint, arguing that Plaintiff had not stated a claim for which relief could be granted because whether Burns had been provided with adequate written notice of the charges against him was irrelevant because NHFT's actions did not constitute "discipline" that would trigger the written notice requirement under 29 U.S.C. § 411(a)(5). [ECF Nos. 17, 18].  Rather, NHFT was simply exercising its remedial powers to correct deficiencies in previous elections, in this case the December 4, 2018 NHFT election, when it barred Burns from running in

---

[1] **Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary of the U.S. Department of Labor Martin J. Walsh has been substituted automatically for Milton Al Stewart, who was the Acting Secretary of the U.S. Department of Labor after the departure of the former Secretary Eugene Scalia.**

the rerun election held in February 2020; thus, the Act's written notice requirement was not triggered and the Act was, therefore, not violated.  [ECF No. 18].

On July 24, 2020, Plaintiff filed a combined Opposition to NHFT's Motion to Dismiss and Motion for Partial Summary Judgment.  [ECF No. 23].  Plaintiff argued that not only did NHFT discipline Burns when it barred him from running in the February 2020 rerun election, which triggered the written notice requirement of 29 U.S.C. § 411(a)(5), but the written notice provided was deficient in significant ways, thus violating the statute and requiring the Court to overturn the rerun election.  *Id*.

On February 1, 2021, NHFT filed a cross-motion for summary judgment, reiterating its argument that Burns had not been disciplined but also, now that significant discovery had been taken and analyzed, arguing that the written notice Burns was provided was adequate under 29 U.S.C. § 411(a)(5).  [ECF No. 38].  Plaintiff opposed NHFT's cross-motion on February 24, 2021, reiterating its argument that NHFT had indeed disciplined Burns, which triggered the written notice requirement of 29 U.S.C. § 411(a)(5), and also arguing that the written notice Burns was provided was inadequate to apprise him of the charges against him.  [ECF No. 41].

On March 18, 2021, the Court granted Plaintiff's Motion for Summary Judgment and Denied NHFT's Motions to Dismiss and for Summary Judgment, finding that NHFT had indeed disciplined Burns, which triggered the written notice requirement of 29 U.S.C. § 411(a)(5), and also that the written notice Burns was provided was inadequate to apprise him of the charges against him.  [ECF No. 43].  Finding that this violation may have affected the outcome of Defendant's February 2020 rerun election, the Court ordered a new election, including new nominations, to be conducted under

2

the supervision of the Department of Labor.  *Id*. at 45.  The Court entered Judgment for Plaintiff the same day.  [ECF No. 44].

On April 1, 2021, NHFT moved under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment.  [ECF No. 45].  On April 21, 2021, Plaintiff filed an objection to NHFT's Motion to Alter or Amend Judgment.  [ECF No. 46].  NHFT declined to file a Reply Brief.

For the following reasons, the Court DENIES NHFT's Motion to Alter or Amend Judgment.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment."  Fed. R. Civ. P. 59(e).

In the Second Circuit, "the standard for granting a Rule 59(e) motion 'is strict, and ... will generally be denied.'"  *Yelle v. Mount St. Mary Coll.*, No. 18-CV-10927 (PMH), 2021 WL 311213, at *2 (S.D.N.Y. Jan. 29, 2021) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  "Such a motion 'may be granted only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Id.* (quoting *Levitant v. Workers Comp. Bd. of N.Y.*, No. 16-CV-6990, 2019 WL 5853438, at *1 (S.D.N.Y. Nov. 8, 2019)).  Importantly, a Rule 59(e) motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Levitant*, 2019 WL 5853438, at *1 (quoting *Analytical Surveys, Inc. v.*

*Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *see also Dean v. Iozzia*, No. 3:18-cv-01861 (KAD), 2020 WL 8970626, at *1 (D. Conn. Mar. 4, 2020) ("Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)). "At bottom, Rule 59(e) 'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"  *Yelle*, 2021 WL 311213, at *2 (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d at 614).

## II.    DISCUSSION

As an initial matter, NHFT concedes that the Court's finding that NHFT's actions against Burns constituted discipline under the LMRDA was appropriate, as was the Court's denial of NHFT's Motion to Dismiss on this issue.  [ECF No. 45-1 at 3 ("This Motion to Alter or Amend the Judgment is directed solely to the Court's analysis with respect to the second issue, whether NHFT provided Burns with adequate written specific notice of the charges.")].

NHFT cites three complaints with the Court's finding that the written specific charges against Burns were inadequate, and thus in violation of the LMRDA.

First, NHFT argues that the Court's finding that Burns was not informed that the June 6, 2019 hearing would be his opportunity to defend himself against allegations of misconduct "constituted clear error, and that portion of the Decision and Judgment should be vacated to avoid manifest injustice."  [ECF No. 45-1 at 5]. This is so, NHFT argues, because the record evidence tends to indicate that while Burns believed that the extortion issue *should* not have been a part of the June 6, 20-

4

19 hearing, he understood it *would* be discussed at that hearing.  *Id.* at 6-7.

Plaintiff counters that NHFT "does not now introduce any new evidence concerning this issue; rather, [NHFT] reasserts its previous arguments of what it deemed Burns' knowledge and expectations of the hearing to be based on Burns' deposition testimony. The Court should dismiss these arguments as they are wholly inappropriate for a Rule 59(e) motion."  [ECF No. 46 at 4-5 (citing *Murillo v. A Better Way Wholesale Autos, Inc*., No. 3:17-cv-01883 (VLB), 2019 WL 5104015, at *2 (D. Conn. Oct. 10, 2019) ("'It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" (citing *Analytical Surveys, Inc., v. Tonga Partners, L.P*., 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp*., 156 F.3d 136, 144 (2d Cir. 1998)))].

Second, NHFT also takes issue with the Court's representation that AFT General Counsel David Strom ("Strom") told Burns the hearing would be "not adversarial" and "just a fact finding, friendly thing."  [ECF No. 45 at 10].  Notably, NHFT does not dispute that Strom told Burns the hearing would be "not adversarial," nor does NHFT dispute that Strom told Burns the hearing was just a "fact finding . . . thing."  [ECF No. 45-2 ¶ 9].  NHFT's only contention is that Strom never told Burns the hearing would be "friendly," *id*., calling Burns' deposition transcript "ambiguous" in this regard.  [ECF No. 45-1 at 8-9].

Plaintiff counters here that "[e]ven assuming that Strom did not use the word 'friendly,' NHFT is making a trivial distinction without a difference, because the underlying basis of this Court's well-reasoned ruling remains the same- Burns was

**5**

disciplined by NHFT without due process.  This Court's ruling does not turn on the use or absence of one word ('friendly'), and thus does not change this Court's analysis.  Therefore, NHFT cannot establish a clear error of law or create manifest injustice, nor does its argument warrant the extraordinary remedy of reconsideration."  [ECF No. 46 at 5].

Third, NHFT faults the Court's finding that it intentionally misled Burns into not defending himself appropriately at the June 6, 2019 hearing, arguing that it "takes its Executive Council investigatory hearings very seriously . . . and strives to ensure that member complaints are given meaningful consideration, that member voices are heard, and that the truth of the events underlying those protests is fully uncovered." [ECF No. 45-1 at 9-12].

Plaintiff opposes this argument by noting that "[i]ntent is not a requisite element for establishing either a Title I or Title IV violation."  [ECF No. 46 at 6 (citing *DeArment v. Local 563 Laborers Int'l Union of N. Am., AFL-CIO*, 751 F. Supp. 1364, 1365 (D. Minn. 1990) (finding a violation of the LMRDA "[d]espite the best intentions of the union"); *Donovan v. Graphic Arts Int'l Union*, No. 83-4062, 1984 WL 49068, at *8 (C.D. Ill. Aug. 3, 1984) (rejecting union's argument that an "inadvertent violation" of the LMRDA does not warrant the statutory remedy of a new supervised election); *Donovan v. Nat'l Alliance of Postal & Fed. Emps*., 566 F. Supp. 529, 532 (D.D.C. 1983) (stating that good intentions do not excuse an LMRDA violation); *Donovan v. Local 719, United Auto. Aerospace & Agr. Implement Workers of Am*., 561 F. Supp. 54, 57 (N.D. Ill. 1982) (finding that the union's good intentions were not sufficient to defeat an alleged violation of the LMRDA)].  Therefore, Plaintiff argues, "even if [the C]ourt

6

accepted Defendant's argument, the controlling LMRDA precedent requires that a court reach the same outcome; the union's intent (good or bad) is not a necessary legal consideration.  Here, this Court issued a thorough, well-supported decision holding that Defendant violated the LMRDA when it disciplined Burns without providing him with the due process safeguards required by section 101(a)(5).  NHFT's contentions related to the union's intent cannot alter this Court's well-reasoned opinion."  [ECF No. 46 at 6-7].

The Court agrees with Plaintiff on all points.

As to NHFT's first point concerning Burns deposition testimony, NHFT fails to address the key issue; namely, whether Burns was "served with written specific charges" that were adequate to inform him that he would be facing a disciplinary hearing that could result in his disqualification for the February 2020 rerun election, and the election after that, and barred him from holding office in the interim.  The hearing notice, as pointed out in the Court's Memorandum of Decision, informed Burns that the hearing would be "a fact-finding and <u>not</u> an adversarial proceeding." [ECF No. 43 at 10 (quoting ECF No. 18-2 at 3 (emphasis in original)].  That is undisputed and supports the Court's finding that Burns was not "served with written specific charges" that were adequate to inform him that he would be facing an adversarial disciplinary hearing.  Regardless of what he may have intuited from the circumstances leading up to the hearing, the notice was inadequate.

Second, whether Strom described the upcoming June 6, 2019 hearing as "friendly" is irrelevant, as his message undisputedly did not communicate to Burns that he would soon be facing a union disciplinary hearing, and therefore did not

correct any underlying deficiencies in the written notice provided.

Third, as the cases Plaintiff cites makes clear, whether NHFT intentionally tried to undermine Burns' defense at the June 6, 2019 hearing or simply inadvertently failed to serve Burns with the required "written specific charges," is legally irrelevant. Further, whether as a general matter NHFT "takes its Executive Council investigatory hearings very seriously . . . and strives to ensure that member complaints are given meaningful consideration, that member voices are heard, and that the truth of the events underlying those protests is fully uncovered" lends no credence to the sufficiency of the notice given to Plaintiff in the specific instance at issue here. [ECF No. 45-1 at 9-12]. Those who strive for perfection rarely achieve it. The Court simply reiterates that in this case Burns was not "served with written specific charges" that allowed him to prepare an adequate defense, 29 U.S.C. § 411(a)(5)(A), whatever the motivation.

### III.   CONCLUSION

For the foregoing reasons, NHFT's Rule 59(e) Motion to Alter or Amend Judgment, [ECF No. 45], is DENIED.

Vanessa L. Bryant
United States District Judge

SO ORDERED at Hartford, Connecticut this 13th day of January 2022.

8